## Laboratory Reports

JOSEPH L. COHEN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, April 29, 1959.— You have requested our advice as to the legality of a proposed regulation which would prohibit laboratories under your jurisdiction from making reports of analyses of material originating in the human body to anyone except a physician or a person authorized by the physician to receive such reports.

You also asked to be advised whether an agreement

contained in an application for a permit to operate a laboratory under the provisions of The Analytical-Biochemical-Biological Laboratory Act of September 26, 1951, P. L. 1539, 35 PS §§2151-2165, which restricts the operator of a laboratory from making reports of analyses to anyone except a duly licensed physician or his authorized agent is legal. Thus we presume the consent of the individual whose material is being analyzed to have the person submitting the material receive the results of such analyses.

Your department has under its jurisdiction laboratories which are operated by it and laboratories which are licensed by your department pursuant to the provisions of The Analytical-Biochemical-Biological Laboratory Act, supra. The laboratories which your department operates are not established pursuant to any grant of power by the General Assembly but have been established administratively by your department for its own convenience and that of the general public. The laboratories licensed by your department are privately owned and operated and must meet the requirements of The Analytical-Biochemical-Biological Laboratory Act, supra.

Under the provisions of section 101 of article VIII of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §601, as amended, "physician" is defined as follows:

" 'Physician,' an individual licensed under the laws of this Commonwealth to engage in the practice of medicine and surgery in any or in all of its branches within the scope of the act, approved the third day of June, one thousand nine hundred eleven (Pamphlet Laws 639) and its amendments, or in the practice of osteopathy or osteopathic surgery within the scope of the act, approved the nineteenth day of March, one thousand nine hundred nine (Pamphlet Laws 46) and its amendments."

Thus, under the existing agreement in the application for a permit, operators of laboratories licensed by your department have agreed not to report the results of analyses to anyone except doctors of medicine or osteopathy or their authorized agents. The net effect of this agreement is to deny the services of laboratories licensed by your department to members of the healing arts profession who do not come within the statutory definition of the term physician.

Section 5 of The Analytical-Biochemical-Biological Laboratory Act, supra, sets forth the contents of an application for a permit. Clause (f) of this section permits your department by rule or regulation to require any additional information from an applicant as it may require. This is the only reference in the entire act to any rule or regulation that may be adopted pursuant to its provision. Nowhere in the act is there any provision which would even impliedly suggest that laboratory operators may not give reports of analyses submitted to them to other members of the healing arts professions than doctors of medicine and osteopathy. We must, therefore, conclude on the basis of the act in question that your department may not legally require operators of laboratories to enter into an agreement similar to the one existing. Furthermore, your department may not by rule or regulation limit the persons to whom a laboratory can render its services.

Insofar as laboratories operated by your department are concerned, your department may by rule or regulation govern the conduct of its laboratory. However, such rules and regulations as your department may adopt must be reasonable. While this department cannot presume to dictate matters of policy to your department with respect to the operation of its laboratories, nevertheless we are of the opinion that since the legislature has not seen fit in the case of private

laboratories to limit the persons to whom those laboratories may serve, any rule or regulation by your department which would accomplish the type of limitation as above mentioned would be unreasonable.

We are of the opinion, therefore, and you are accordingly advised that laboratories which are licensed by your department under the provisions of The Analytical-Biochemical-Biological Laboratory Act, supra, may not either by regulation or by agreement be limited in any manner as to the persons in the healing arts profession which they may serve. You are further advised that the existing agreement contained in the application for a permit to operate such laboratories, which restrict reporting to physicians or their authorized agents, is invalid as not being sanctioned by law. Furthermore, your department may not by rule or regulation restrict its services to physicians as defined in the Statutory Construction Act, supra.